```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:07CR3070 |
| v. | ) | |
| | ) | |
| MARLENE RODRIGUEZ, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

The plaintiff has moved for revocation of the defendant's order setting conditions of release. Plaintiff argues that unless this court orders her taken into custody by the U.S. Marshal, she is likely to be removed from the United States by Immigration and Customs Enforcement (ICE) authorities, in whose custody she now is. Defendant has not responded to the motion.

Defendant is an undocumented alien who has entered a plea of guilty to Counts I and IV of the indictment, which charge conspiracy to distribute methamphetamine and forfeiture, respectively. Her plea has been accepted (filing 58), and her sentencing is scheduled for November 15, 2007. Among other things, her plea agreement with the government waives her right to appeal her conviction in this case and, with some exceptions, to seek relief under 28 U.S.C. § 2255. Filing 41. She appeared for the hearing to enter a plea of guilty by a writ of habeas corpus ad prosequendum. Filings 35, 36.

At the time of her initial appearance and arraignment she was ordered released to a third-party custodian on a $10,000, ten percent bond. Filings 29, 31. She posted the $1,000 required and was released. She was immediately rearrested by ICE, based on an immigration detainer which alleged she was in the United States illegally. The pending motion says that she requested and was

given a hearing before an immigration judge, who, on August 30, ordered her deported.  Filing 54.  Attached to the motion is a copy of the immigration judge's order ordering the defendant's removal.  Id., Exhibit 2.  Although the motion says the defendant waived her right to appeal that order, the only evidence of that before me is the judge's order which has the word "Waived" circled after the word "Appeal"; there is no document bearing the defendant's signature, or other evidence, stating that she waived her right to appeal the immigration judge's ruling, nor that she has appealed.  Deciding that, however, is not necessary in order to resolve the pending motion.

18 U.S.C. § 3143 states that in a drug case such as this one, once the defendant has been found guilty s/he must be detained unless one of two conditions is met, neither of which are shown to apply in this case.  Under the circumstances, although the defendant has not yet "failed to appear," the government has shown that there is a substantial likelihood that the defendant will be removed from the United States by ICE, and therefore will not appear for sentencing unless kept in the custody of the marshal.

IT THEREFORE HEREBY IS ORDERED,

The government's motion, filing 54, is granted.  The orders setting conditions for release of the defendant, filings 29 and 31, are revoked and set aside.  The defendant shall be taken into custody of the United States Marshal, pending sentencing in this case.  The $1,000 previously posted on the bond shall be returned to the payor of that money.

DATED this 17th day of September, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

2